# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **MERRILL MANUFACTURING COMPANY,** | ) ) ) | |
| Plaintiff; | ) | |
| v. | ) ) | **Civil Action 1:20-CV-03941-MLB** |
| **SIMMONS MANUFACTURING COMPANY,** | ) ) ) | |
| Defendant. | ) ) | **Jury Trial Demanded.** |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS OF INDUCED, CONTRIBUTORY AND WILLFUL PATENT INFRINGEMENT IN THE FIRST AMENDED COMPLAINT DUE TO FAILURE TO STATE A CLAIM

Submitted by:

Luke Anderson
  (GA Bar No. 018330)
**Atlanta Technology Law**
  (Luke Anderson P.C.)
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338-7702
Phone: 404-491-0000
Fax:    404-935-0927
Email: Landerson@atltechlaw.com
***Attorneys For Defendant Simmons Manufacturing Company***

# Table of Contents

1.  Summary of Simmons' Arguments and Relief Sought ......................................1

2.  Procedural Posture And Proceedings Before the Southern District of Iowa ......2

3.  Allegations in the First Amended Complaint. .....................................................3

4.  Statement of Law and Pleadings Standard Regarding Induced, Contributory and Willful Infringement ..........................................................................................3

    a.................................Plaintiff Must Allege Facts that Make Its Claims Plausible 3

    b. .......................................................Pleading Standard for Indirect Infringement 6

        i..Induced Infringement Required Knowledge of the Patent and Knowledge That Defendant's Induced Acts Were Infringing.................................................6

        ii..............Plaintiff's Contributory Infringement Claim Should be Dismissed ......................................................................................................................14

    c.............................Plaintiff's Willful Infringement Claim Should be Dismissed 17

5.  Prayer For Relief. ...........................................................................................21

A

# Table of Authority

**Cases**

*Aeritas, LLC v. Alaska Air Grp., Inc.,* 893 F.Supp. 2d 680, 685 (D. Del. 2012) ....19

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702, 2011 WL 2471299, *3

   (W.D. Tex. 2011)................................................................................11

*American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010)....4, 5

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)...........................5

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 337 U.S. 476, 488(1964) .......15

*Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) .........................................................4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)..................................... 4, 5, 6

*Brandywine Comm. Tech., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267

   (M.D. Fla. 2012) ........................................................................... 11, 12

*Canon, Inc. v. Avigilong USA Corp.*, 411 F.Supp.3d 162, 165-166 (D. Mass. 2019)

   ...........................................................................................................19

*Commil United States, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (2015) .................15

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-05 (Fed. Cir. 2006)(*en banc*) .15

*DSU Medical, Corp. v. Jms. Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ........7

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) .................... passim

*Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S.Ct. 1923, 1927 (2016) ......................18

*Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015).....................7

*Intellectual Ventures I LLC v. Bank of America Corp.*, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014)........................................................................6

*Intellectual Ventures I LLC*, 2014 WL 868716, at *2 ...................................... 16, 17

*Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp.2d 349, 354 n.1 (D. Del. 2009)....11

*Manville Sales Corp. v. Paramount Sys. Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) 17

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005) ...........................................................................13

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014)..................7

*Monec Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 230 (D.Del.2012) ......................................................................................8

*Orlando Comms. LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017, 2015 WL 1246500 at *9 (M.D. Fla. Mar. 16, 2015) .............................................................16

*Orlando Comms. LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017, 2015 WL 1246500 at *9 (M.D. Fla. Mar. 16, 2015). ...........................................................12

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 708 (E.D. Va. 2013) ......................................................................................18

*Varian Medical Sys. Inc. v. Elekta AB*, Civil Action No. 15-871, *9 (D. Del., July

12, 2016, .............................................................................................19

*Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del.

2010) .............................................................................................11

*Zamora Radio, LLC v. Last.FM, Ltd.*, 785 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010)

..............................................................................................11

**Statutes**

35 U.S.C. §271(c). ......................................................................15

35 U.S.C. §284 ...........................................................................19

Defendant Simmons Manufacturing Company, ("**Simmons**") submits this brief in support of its motion to dismiss Plaintiff's claims for induced, contributory and willful patent infringement in the First Amended Complaint ("FAC"), (Dkt. 31) pursuant to Fed. R. Civ. P. 12(b)(6).

## 1.  Summary of Simmons' Arguments and Relief Sought

Plaintiff fails to state a claim for induced, contributory and willful patent infringement.  Pre-suit knowledge of the Patent-in-Suit and knowledge that Simmons' actions constitute infringement is required to state a claim for induced, contributory and willful infringement.  Here, the Patent-in-Suit was issued less than three (3) months before suit was filed.  The FAC is devoid of any allegation that Plaintiff provided pre-suit notice of its patent rights by marking its product as either patent pending or patented.  The reason is clear.  Plaintiff did not provide any such notice.  Moreover, Plaintiff alleges only that Simmons had post-suit knowledge of the Patent-in-Suit.  Here, because plaintiff has failed to plead specific facts alleging Simmons' pre-suit knowledge of the Patent-in-Suit and a specific intent to infringe based on actual knowledge of the Patent-in-Suit, Plaintiff has failed to state a claim for which relief can be granted. Plaintiff's claims for induced, contributory and willful patent infringement should therefore be dismissed.

1

## 2.  Procedural Posture And Proceedings Before the Southern District of Iowa

This action was originally filed in the Southern District of Iowa and was transferred to this District.  Dkt. 16.  Plaintiff consented to, and did not resist, the dismissal of its claims for induced, contributory and willful patent infringement before the Iowa District Court.  Plaintiff stated in its previously filed brief that:

> [i]n the interest of judicial economy, **Merrill would agree to strike its claims of induced, contributory and willful patent infringement if the court would be willing to grant Merrill leave to replead the allegations after Merrill has had opportunity to engage in discovery**, and should such discovery reveal sufficient facts to support these claims.  (Dkt. 12, p. 16)(emphasis added).

Simmons responded that Plaintiff's claims should be dismissed and that "Plaintiff's ability to replead any such claim should be controlled by the Court's to-be-entered Scheduling Order and Fed. R. Civ. P. 15."  (Dkt. 14, p.6).  The Parties maintained these positions during the hearing held before the Iowa District Court on September 22, 2020.  (Dkt. 15).

Plaintiff has now adopted a new tactic by attempting to recast its case in the First Amended Complaint.  Yet, one thing remains true.  Plaintiff has failed to allege Simmons' pre-suit knowledge of the Patent-in-Suit or facts suggesting that Simmons had a specific intent or knowledge to infringe the Patent-in-Suit.

### 3. Allegations in the First Amended Complaint.

The United States Patent and Trademark Office (USPTO) issued the Patent-in-Suit on April 21, 2020.  Dkt. 31, ¶16; Exhibit A.  The Patent-in-Suit is a design patent directed to the ornamental design for a wire connector.  Dkt. 31-1.  Less than three (3) months after the Patent-in-Suit was issued by the USPTO, Plaintiff filed the instant action on July 10, 2020 and simultaneously mailed Simmons a letter enclosing a copy of the Patent-in-Suit.  Dkt. 31, ¶¶26, 38, 54.  After the Complaint was filed,  Simmons allegedly became aware of the Patent-in-Suit on July 15, 2020.  Dkt. 31, ¶¶39-43.

The FAC is devoid of any alleged facts that: Simmons had pre-suit knowledge of the Patent-in-Suit;  Simmons had a specific intent to infringe the Patent-in-Suit; Simmons had knowledge that its actions caused others to infringe; and only alleges in the most conclusory manner, with no supporting facts, that after the filing of the instant action that Simmons has been willfully blind.

### 4. Statement of Law and Pleadings Standard Regarding Induced, Contributory and Willful Infringement

#### a. Plaintiff Must Allege Facts that Make Its Claims Plausible

To state a claim upon which relief may be granted, a plaintiff must allege and provide factual support for each element of its asserted claims.  *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009)("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 557 (2007)(finding that a "naked assertion" of

wrongdoing without "factual enhancement" does not state a claim); *see also*

*American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010)([A]

plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and formulaic recitation of the elements of a

cause of action will not do.)

Under *Iqbal* and *Twombly*, to survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id*.

The plaintiff must "plead factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Thus,

"[i]n order to successfully state a claim upon which relief can be granted, the

plaintiff 'must assert facts that affirmatively and plausibly suggest plaintiff has the

right it claims, rather than facts that are merely consistent with such a right..

*American Dental Ass'n,* 605 F.3d at 1289 (factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful))(citing *Twombly).*

      In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. 662 at 678.  (citing *Twombly*, 550 U.S. at 555). The Court will give "no effect to legal conclusions couched as factual allegations." *Twombly*, 550 U.S. at 555. A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant" or "where the belief is based on factual information that makes the inference of culpability plausible."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). But, if the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"— dismissal is appropriate. *Twombly*, 550 U.S. at 570.

      "The Supreme Court explained that the pleading standard should, at a minimum, accomplish two goals: (1) provide a solid basis for the plaintiff's allegations; and, (2) put the defendant on notice, effectively allowing them a fair

opportunity to defend themselves." *Intellectual Ventures I LLC v. Bank of America Corp.*, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014)(citing Iqbal, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555). The Complaint does not achieve either of these goals. Plaintiff's conclusory claims of indirect infringement (including induced and contributory infringement) and willful infringement fail as a matter of law to meet the *Iqbal* and *Twombly* pleading standards. Plaintiff's claims for contributory infringement and willful infringement should therefore be dismissed.

### b. Pleading Standard for Indirect Infringement

Plaintiff has failed, as a matter of law, to state a cause of action for induced or contributory infringement, which are collectively referred to as indirect infringement. Plaintiff must plead facts showing Simmons' knowledge of the patent and knowledge that its acts were infringing. Here, Plaintiff has failed to plead either. Accordingly, Plaintiff's cause of action based on induced and contributory infringement should be dismissed.

### i. Induced Infringement Requires Knowledge of the Patent and Knowledge That Defendant's Induced Acts Were Infringing

35 U.S.C.§271(b) governs induced infringement: Whoever actively induces infringement of a patent shall be liable as an infringer. The Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) held that in an

6

action for induced infringement, it is necessary for the plaintiff to show that the alleged inducer knew of the patent in question and knew that induced acts were infringing. To prove induced infringement, a patentee must show "the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (quoting *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014)); *DSU Medical, Corp. v. Jms. Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)(To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement.  However, knowledge of the acts alleged to constitute infringement is not enough. The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven. (internal citations omitted))..The knowledge requirement "may be satisfied by a showing of actual knowledge or willful blindness." *Id*. at 1372-73.

Willful blindness requires the alleged inducer to (1) subjectively believe there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011).  "A complaint that fails to identify any affirmative actions taken by

the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal.*" *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 230 (D.Del.2012).

Here, Plaintiff made no attempt to plead facts that would show Simmons' knowledge of the Patent-in-Suit or knowledge that its actions induced others to infringe.  Plaintiff's conclusory, thread bear, allegations consist of:

- Defendant has infringed, contributed to, and/or induced infringement of claim 1 of the '817 Patent by making, using, offering to sell, selling within the United States, and/or importing into the United States at least the SIMMONS Quick Set Wire Connections Pressure Switch, including, but not limited to, #SIMS4060 terminal block.  Plaintiff includes a true and accurate copy of a Simmons web page illustrating the infringing terminal block as Exhibit D and a photograph of terminal blocks in the possession of counsel as Exhibit C.  Dkt. 53.[1]

- Defendant is aware of the '817 Patent.  On July 10, 2020, Counsel for Merrill transmitted a letter to Defendant's President Kevin Simmons via certified mail and electronic mail identifying the '817 Patent and attaching a copy of it.  Citing "uncanny similarities" between the '817 Patent and the

---

[1] Plaintiff does not make a direct comparison of the patent and accused devices here.  Instead, Plaintiff alleges that  the '817 Patent which is directed only to the ornamental design of a wire connector (which can be seen at Dkt. 31-1) is infringed through the sale of terminal blocks shown at Exhibits C and D (Dkt. 31-3 and 31-4).  Namely, paragraph 53 identifies the terminal blocks as the infringing article – not the wire connectors in the terminal blocks.

Simmons Quick Set Wire Connections Pressure Switch, the letter asserted infringement of the '817 Patent.  Dkt. 31, ¶54.[2]

- **Upon information and belief**, since Defendant became aware of the '817 Patent, Defendant has aided, instructed, or otherwise acted with the intent to cause acts by someone other than Defendant, such as Defendant's customers, know to infringe at least Claim 1 of the '817 Patent, by using or selling the SIMMONS Quick Set Wire Connections Pressure Switch, including, but not limited to #SIMS4060 terminal block.  Defendant's

---

[2] The Court may properly consider the substance of Plaintiff's "notice letter" which is of record at Dkt. 24-2 because it is central to Plaintiff's induced, contributory and willful patent infringement claims, and the authenticity of the "notice letter" is not in dispute. Dkt. , ¶25.  In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. *SFM Holdings, Ltd. v. Banc of America Sec. LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010)(citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir.2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.").

Here, Plaintiff's "notice letter" is a document whose contents are alleged in the Complaint, its authenticity is not at issue, but was not physically attached to the pleadings.  As such the FAC necessarily embrace the "notice letter" and its central to Plaintiff's claims for induced, contributory and willful patent infringement.  The Court may therefore consider the "notice letter" referred to in paragraph 54 of the FAC without converting this to a summary judgment proceeding.

The "notice letter" is important because (1) Plaintiff sent the "notice letter" on the *same day* this action was filed – July 10 – and thus the letter cannot be the basis of any pre-suit knowledge of the Patent-in-Suit or support a specific intent to infringe; and, (2) the "notice letter" provides only a conclusory statement that Simmons terminal blocks – not the wire connectors – allegedly infringe the Patent-in-Suit.

actions therefore constitute inducement to infringe the '817 Patent. Dkt. 31, ¶57.

- Since at least as early as July 15, 2020 Defendant, at least through its counsel had knowledge of, or was willfully blind to, the fact that Defendant's conducted constituted infringement of the '817 Patent. Dkt. 31, ¶40; see also Dkt. 31, ¶¶41-43.

**First**, Plaintiff makes no effort to allege that Simmons had any pre-suit knowledge of the Patent-in-Suit. Instead, Plaintiff attempts to rely on the initial Complaint to establish Simmons knowledge of the Patent-in-Suit. Accordingly, the FAC does not contain sufficient allegations of knowledge of the patent-in-suit. The Supreme Court has ruled that "induced infringement under §271(b) requires ***knowledge that the induced acts constitute patent infringement***." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (emphasis added).

Many jurisdictions, however, have held that knowledge of a patent only acquired via the filing of a complaint for patent infringement is insufficient to support a claim of indirect infringement. "The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit." *Brandywine Comm. Tech., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012); *see Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 349, 357 (D. Del. 2010)(dismissing claims of indirect infringement because "knowledge after

10

filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"); *see also Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp.2d 349, 354 n.1 (D. Del. 2009)("The Court is not persuaded by Plaintiff's contention that the requisite knowledge [to support a claim of indirect infringement] can be established by the filing of Plaintiff's Complaint."); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702, 2011 WL 2471299, *3 (W.D. Tex. 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *Zamora Radio, LLC v. Last.FM, Ltd.*, 785 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010)(granting summary judgment on the claim of induced infringement and concluding there could be no indirect infringement because "[plaintiff] has offered no evidence that Defendants had any pre-suit knowledge of the 399 Patent."); *c.f. Swipe Innovations, LLC v. NCR Corp,* No. 1:13-cv-2219 (TWT) *8-11 (ND Ga Nov. 18, 2013)(allowing the knowledge requirement for indirect infringement to be acquired via the filing of a complaint).

Simmons respectfully submits that this Court should require Plaintiff to demonstrate pre-suit knowledge of an asserted patent to state a claim for indirect infringement. "[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced

infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement." *Brandywine*, 904 F. Supp. 2d at 1268-69.

If notification via the filing of a complaint for indirect patent infringement were sufficient, then the knowledge requirement of indirect infringement would be meaningless – of course alleged infringers have actual knowledge of the asserted patent once they have been sued. *See Orlando Comms. LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017, 2015 WL 1246500 at *9 (M.D. Fla. Mar. 16, 2015). Absent a ruling requiring pre-suit knowledge of the asserted patent, the Court would create a legal environment whereby a patent owner could file a complaint for induced patent infringement and automatically satisfy the knowledge requirement. Plaintiff does not plead facts sufficient to establish Simmons' pre-suit knowledge of the Patent-in-Suit. The Patent-in-Suit was issued by the U.S. Patent Office less than 90-days before this action was commenced.

**Second**, the Complaint is devoid of any allegations that Simmons took affirmative acts to encourage the alleged infringement of the Patent-in-Suit by others.

**Third**, the Complaint is devoid of any facts or allegations that Simmons possessed a specific intent and engaged in specific actions to induce others to

12

infringe the Patent-in-Suit. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005)("Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe")  Merrill makes no such factual allegations.  Instead, Merrill has merely made a formulaic recitation of  the elements of the cause of action, which will not do.  *See* Twombly, 550 U.S. at 556.

**Fourth,** Plaintiff has failed to plead facts sufficient to establish willful blindness.  Willful blindness requires the alleged inducer to (1) subjectively believe there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011).  Here, Plaintiff merely made a formulaic recitation of "willful blindness" without attempting to plead any supporting facts.

**Fifth,** and finally, Plaintiff's allegations are speculative and conclusory.  Plaintiff allegations are not supported by facts.  Plaintiff's speculative allegations, based on information and belief, fail to allege facts suggesting that Simmons knew of the patent in question and knew that it was inducing infringing acts.  Plaintiff's has failed to allege even a single affirmative act by Simmons to encourage infringement with the knowledge that the induced acts constitute patent

infringement. Accordingly, Plaintiff has not, and cannot, plead facts sufficient to establish Simmons' knowledge of the Patent-in-Suit or knowledge that its actions were inducing others to infringe.  Plaintiff's claims of induced infringement should therefore be dismissed.

### ii.    Plaintiff's Contributory Infringement Claim Should be Dismissed

Similarly, Section 271(c) deals with contributory infringement:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. §271(c).  "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil United States, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (2015)(citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 337 U.S. 476, 488(1964)).  To state a claim for induced infringement, a plaintiff must allege facts showing (1) defendant had knowledge of the asserted patent; (2) knowingly induced the infringing acts; and, (3) possessed the specific intent to encourage another's infringement of plaintiff's patents.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293,

1304-05 (Fed. Cir. 2006)(*en banc*); *Ideal Instruments v. Rivard Instruments*, 434 F. Supp.2d 598, 620 (N.D. Iowa 2006)("In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." (internal citations omitted)).  This is in addition to the requirement that the plaintiff alleges facts demonstrating third-party direct infringement (*supra*).

      **First**, the FAC does not contain sufficient allegations of knowledge of the Patent-in-Suit.  The Supreme Court has ruled that "induced infringement under §271(b) requires ***knowledge that the induced acts constitute patent infringement***."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (emphasis added).  Here, at most, the allegations of Simmons knowledge of the Patent-in-Suit are limited to post-suit knowledge.

      If notification via the filing of a complaint for indirect patent infringement were sufficient, then the knowledge requirement of indirect infringement would be meaningless – of course alleged infringers have actual knowledge of the asserted patent once they have been sued.  *See Orlando Comms. LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017, 2015 WL 1246500 at *9 (M.D. Fla. Mar. 16, 2015).  Absent a ruling requiring pre-suit knowledge of the asserted patent, the Court would create a legal

environment whereby a patent owner could file a complaint for induced patent infringement and automatically satisfy the knowledge requirement.

**Second**, the FAC contains no allegations that Simmons knowingly induced the infringing acts. Absent factual allegations that Simmons intended its customers to infringe the Patent-in-Suit, Plaintiff cannot proceed with its claim of induced infringement. *See Intellectual Ventures I LLC*, 2014 WL 868716, at *2 ("induced infringement requires a showing that defendant intended for its customers to infringe the patent in question.") Accordingly, the Complaint does not adequately state a claim of induced infringement.

**Third**, Plaintiff fails to provide the Court with factual allegations that Simmons ***specifically intended*** to encourage third-party infringement. *Intellectual Ventures I LLC*, 2014 WL 868713, at *2 ("To survive a motion to dismiss for an induced infringement claim, Plaintiffs' complaint should have alleged facts that plausibly demonstrated that Defendants not only *intended* their customers to infringe the asserted patent, but also knew that the customers' acts constituted infringement.")(emphasis in original); *see Wyeth*, 703 F. Supp. 2d at 519 ("[A] defendant's mere 'knowledge of the acts alleged to constitute inducement' is not enough." (citing *Manville Sales Corp. v. Paramount Sys. Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)).

16

The FAC utterly fails to meet this pleading standard. In its failed attempt to allege that Simmons had the requisite knowledge and specific intent necessary to support a claim of inducing others to infringe the Patent-in-Suit. In light of these glaring shortcomings, Plaintiff's claim for contributed infringement should be dismissed.

**Forth**, Plaintiff's thread bear allegations are not plausible and conflate the (A) notion of providing a component to be used in a patented item (proscribed under 35 U.S.C. §271(c)); with the (B) notion that a patented item is used as a component in an unpatented article (which has been alleged here). More specifically, here, the patented article is the ornamental design of the wire connector. At most the wire connector is a component in the unpatented terminal blocks, which is what Merrill has identified as the infringing item. Dkt. 31, ¶53. Accordingly, these facts do not support a claim for contributory infringement under 35 U.S.C. §271(c).

### c. Plaintiff's Willful Infringement Claim Should be Dismissed

Pursuant to § 284 of the Patent Act, once infringement has been established, the court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Enhanced damages are "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," commonly described as

"willful, wanton, malicious, bad faith, deliberate, consciously wrongful, flagrant, or ... characteristic of a pirate." *Halo Elecs., Inc.,* 136 S.Ct. 1923 at 1932.

To state a claim of willful infringement, a plaintiff must allege facts showing that the defendant had pre-suit knowledge of the asserted patent and engaged in some sort of egregious conduct –beyond typical patent infringement. *See Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 708 (E.D. Va. 2013); *see also Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S.Ct. 1923, 1927 (2016); *Varian Medical Sys. Inc. v. Elekta AB*, Civil Action No. 15-871, *9 (D. Del., July 12, 2016, Report recommending the dismissal of pre- suit and post-suit willful infringement claim for providing nothing more than a formulaic recitation of the claim elements). The "mere notice of the charge of infringement gleaned from service of the complaint [does not] pass muster for a willfulness claim." *Aeritas, LLC v. Alaska Air Grp., Inc.,* 893 F.Supp. 2d 680, 685 (D. Del. 2012); *Canon, Inc. v. Avigilong USA Corp.*, 411 F.Supp.3d 162, 165-166 (D. Mass. 2019)(Dismissing a willful infringement claim because plaintiff had not alleged pre-suit knowledge of the patent-in-suit)

Plaintiff does not allege that Simmons had pre-suit knowledge of the asserted patent. Moreover, Plaintiff fails to allege any facts to suggest that Simmons' conduct was egregious. Rather, Plaintiff merely alleges garden-variety

18

infringement against Simmons.  *Halo*, 136 S.Ct. at 1935 (Enhanced damages due to willful infringement should not be awarded in garden-variety cases). Accordingly, Plaintiff's willful infringement claims should therefore be dismissed.

Further, enhanced damages under 35 U.S.C. §284 "are generally reserved for egregious cases of culpable behavior."  *Halo*, 136 S. Ct. at 1932.  According to the Supreme Court's 2016 *Halo* decision, a finding of willful infringement must be reserved for "misconduct *beyond typical infringement*" such as "the wanton and malicious pirate" who intentionally infringes another's patent – with no doubts about its validity or any notion of a defense – for no purpose other than to steal the patentee's business."  *Id*. at 1935, 1932 (emphasis added).

The Complaint only contains allegation of conduct found in garden-variety patent infringement cases, *i.e*., that:

- Since receiving this notice of patent rights and its infringement of those rights, Defendant continues to make, use, offer to sell, sell within the United States, and/or import into the United States SIMMONS Quick Set Wire Connections Pressure Switch, including, but not limited to, #SIMS4060 terminal block. Defendant's infringement is therefore especially egregious, willful and deliberate. Dkt. 31, ¶54.

**First**, Merrill fails to allege that Simmons had any pre-suit knowledge of the Patent-in-Suit.  None. Merrill has therefore failed to state a claim for willful patent

infringement as a matter of law.  The willful patent infringement claim should therefore be dismissed.

**Second**, Merrill has failed to allege facts suggesting that this is an egregious case.  Not every infringement is willful.  Here the Patent-in-Suit is directed to the ornamental appearance of a wire connector – not the terminal blocks Simmons is accused of continuing to sell post-suit.  Thus, an allegation that Simmons continued sale of an unpatented item – the terminal blocks – cannot support a claim for willful patent infringement.  Yet, even if the FAC is viewed as somehow alleging infringement of the Patent-in-Suit by using wire connectors as a component of the terminal blocks, Simmons continued post-suit sale of the terminal blocks, without more, is insufficient to support a willful infringement claim.

**Third**, this is at most a garden variety patent infringement action.  Not every infringement is willful.  The Patent-in-Suit issued less than three (3) months before suit was filed.  Merrill has failed to allege that Simmons had any pre-suit knowledge of the Patent-in-Suit, because it cannot.  Moreover, Merrill fails to allege that it took any pre-suit steps to notify Simmons of its patent rights such as marking its products with a patent pending or patented notice.

Merrill's willful infringement claim rests on the sole allegation that once suit was filed, Simmons must immediately stop selling the unpatented terminal blocks because, at most, they might contain a component that allegedly infringing the Patent-in-Suit. This is not the type of willful, wanton, malicious, bad faith, or deliberate that the Supreme Court sought to bring within the scope of willful patent infringement in *Halo*.

As such, these allegations fail to support a willful infringement claim. Plaintiff has therefore failed to state a claim for which relief can be granted. Plaintiff's claim for willful infringement should therefore be dismissed.

### 5. Prayer For Relief.

Defendant Simmons respectfully prays that this Court:

Grant is motion to dismiss for failing to state a claim for contributory patent infringement and willful patent infringement. Pre-suit knowledge of the Patent-in-Suit and knowledge that Simmons' actions constitute infringement is required to state a claim for contributory and willful infringement. Here, there are no credible allegations of Simmons' pre-suit knowledge or its specific knowledge that is required to support a claim for contributory and willful infringement. Plaintiff has thus failed to state a claim for which relief can be granted. Plaintiff's claims for

contributory patent infringement and willful patent infringement should therefore

be dismissed.

Respectfully submitted this 3rd day of November 2020.

/s/ Luke Anderson
Luke Anderson (GA Bar No. 018330)
**Atlanta Technology Law**
(Luke Anderson P.C.)
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338-7702
Telephone    404-991-2241
Facsimile    404-935-0927
E-Mail:      Landerson@atltechlaw.com
***Counsel for Defendant Simmons***
***Manufacturing Company***

---

### Local Rule 7.1(D) Certification

The above signed counsel hereby certifies that the within and foregoing paper complies with Local Rule 7.1(D) since it was prepared in Times New Roman, 14 point font.

---

22