# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MERRILL MANUFACTURING
COMPANY,
AN IOWA CORPORATION

Plaintiff,

vs.

SIMMONS MANUFACTURING
COMPANY, A GEORGIA
CORPORATION

Defendant

C.A. No. 1:20-CV-03941-MLB

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

SUMMARY ............................................................................................ 1

STATEMENT OF FACTS ...................................................................... 1

ARGUMENT ......................................................................................... 3

    I.    Summary of Plaintiff's Argument and Relief Sought ........... 3

    II.    Plaintiff Has Stated Claims Upon Which the Court May Grant Relief

        for Indirect Infringement ....................................................... 3

    III.    Plaintiff Has Stated Claims Upon Which the Court May Grant Relief

        For Willful Infringement ........................................................ 10

CONCLUSION AND REQUEST FOR ORAL ARGUMENT ................ 13

# TABLE OF AUTHORITIES

CASES

PAGE(S)

*Arista Records LLC v. Doe 3*, ................................................................ 12, 13
    604 F.3d 110 (2nd Cir. 2010)

*Ashcroft v. Iqbal*, ................................................................ 11, 13
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

*Bascom Research LLC v. Facebook, Inc.*, ............................................ 6
    Nos. C 12–6293 to –97 SI, 2013 WL 968210, at *3–*4
    (N.D.Cal. Mar. 12, 2013)

*Bell Atlantic Corp. v. Twombly*, ........................................................ 10, 11
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

*Bowlby v. City of Aberdeen, Miss.*, .................................................. 10
    681 F.3d 215, 219 (5th Cir. 2012)

*Boykin v. KeyCorp*, ........................................................................ 13
    521 F.3d 202, 215 (2d Cir. 2008)

*CAP Co. v. McAfee, Inc.*, ................................................................ 6
    No. 14-CV-05068-JD, 2015 WL 3945875, at *5
    (N.D. Cal. June 26, 2015)

*Corydoras Techs., LLC v. Apple Inc.*, .............................................. 5
    No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2
    (E.D. Tex. Nov. 23, 2016)

*Dura Pharm., Inc. v. Broudo*, .......................................................... 10
    544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)

*Global-Tech Appliances, Inc. v. SEB S.A.*, ...................................... 11

563 U.S. 754 (2011)

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, ................................................ 8
    691 F. Supp. 2d 915, 927 (W.D. Wis. 2010).

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, .................................................. 11
    136 S. Ct. 1923 1933, 195 L.Ed.2d 278 (2016)

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, ....................................... 10
    634 F.3d 787, 803 n.44 (5th Cir. 2011)

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, ........ 10
    681 F.3d 1323, 1341 (Fed. Cir. 2012)

*In re Seagate Tech*, LLC, ....................................................................... 12
    497 F.3d 1360 (Fed. Cir. 2007)

*Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, ................................ 5
    No. C16-0341JLR, 2017 WL 5634131, at *11
    (W.D. Wash. Nov. 21, 2017)

*Lexington Luminance LLC v. Osram Sylvania Inc.*, ............................... 4
    2013 WL 5202424, at *5 (D.Mass. Sept.11, 2013)

*Lormand v. US Unwired, Inc.*, ............................................................... 10
    565 F.3d 228, 267 (5th Cir. 2009)

*MEMC Elec. Materials, Inc, v. Mitsubishi Materials Silicon Corp.*, ..... 7
    420 F.3d 1369, 1379 (Fed. Cir. 2005)

*MONEC Holding AG v. Motorola Mobility, Inc.*, ................................. 8

    897 F. Supp. 2d 225, 235 (D. Del. 2012)

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, .............................. 6
    476 F.Supp.2d 1143, 1158 (N.D. Cal. 2007)

*Motiva Patents, LLC v. Sony Corp.*, ................................................... 9, 12

408 F.Supp.3d 819 (E.D. Tex. 2019)

*Netgear, Inc. v. Ruckus Wireless, Inc.*, ...................................................8
    852 F. Supp. 2d 470, 475-476 (D. Del. 2012)

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC,* ..................................5
    No. CV 19-1031-RGA-SRF, 2019 WL 5626647, at *4
    (D. Del. Oct. 31, 2019)

*O'Daniel v. Indus. Serv. Sols.*, ............................................................10
    922 F.3d 299, 304 (5th Cir. 2019)

*Rembrandt Social Media LP v. Facebook, Inc.,* ....................................6
    950 F.Supp.2d 876, 882 (E.D. Va. 2013)

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,*............................12, 14
    563 F.3d 1358, 1372 (Fed. Cir. 2009)

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, .......................................10
    170 F. Supp. 3d 928, 935 (E.D. Tex. 2016)

*Skyworks Solutions Inc. v. Kinetic Techs. Inc.,*......................................7
    2014 WL 1339829, at *3 (N.D.Cal. Apr. 2, 2014)

*SoftView LLC v. Apple Inc.,* ...........................................................4, 6, 12
    2012 WL 3061027, at *7 (D.Del. Oct.21, 2013)

*Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, ....................................8
    2013 WL 4017096, at *3-4 (D. Del. Aug. 6, 2013)

*Trading Techs. Intern., Inc. v. BCG Partners, Inc.,* ..............................6
    2011 WL 3946581, at *4 (N.D.Ill. Sept.2, 2011)

*Walker Digital, LLC v. Facebook, Inc.,*..................................................5
    852 F.Supp.2d 559, 565 (D.Del.2012)

*Wooten v. McDonald Transit Assocs., Inc.*, ..........................................11
    788 F.3d 490, 498 (5th Cir. 2015)

*Zond, Inc. v. SK Hynix Inc.* .................................................................... 4, 5
No. CIV.A. 13-11570-RGS, 2014 WL 346008, at *3
(D. Mass. Jan. 31, 2014)

## SUMMARY

Plaintiff Merrill Manufacturing Company ("Merrill") submits this brief in opposition to Defendant Simmons Manufacturing Company's ("Simmons") motion to dismiss ("MTD") (Dkt. 34) Merrill's claims for induced, contributory, and willful patent infringement in the First Amended Complaint ("FAC") (Dkt. 31).

This case involves Plaintiff Merrill's claims that Defendant Simmons is producing and selling pressure switches that infringe the intellectual property rights in Merrill's competing pressure switches. Pressure switches are mechanical devices used in fluid control systems, such as groundwater control systems, that complete an electric circuit when fluid being monitored by the pressure switches rises above, or falls below, a predetermined pressure.

The present case includes counts for infringement of design patent, federal infringement of trade dress, common law infringement of trade dress, federal unfair competition, and common law unfair competition.

## STATEMENT OF FACTS

Merrill is an Iowa Corporation in the business of developing, manufacturing, and selling pressure switches. Simmons is a Georgia Corporation in the business of selling pressure switches. Merrill designs and sells pressure switches with a unique and distinctive collection of nonfunctional intellectual property including at least the

following elements: 1) chamfered top edges on the sideplates; 2) chamfered side edges on the sideplates; 3) a molded-in edge line running the length of the sideplates and the top plate; 4) elevated platforms on the sideplates; 5) sharp transition edges on the sideplates transitioning from the platforms to ramps; 6) sharp transition edges on the sideplates transitioning from the ramps to the upper surfaces of the sideplates; 7) decorative center rib defining a shelf extending from the top plate; 8) decorative center boss and ramp extending from the top plate; and 9) multifaceted rear plates of spring stop comprising curved and flat surfaces defining a shelf (collectively the "MBT Trade Dress"). Merrill has asserted that Simmons became aware of Merrill's pressure switch design, copied all of the foregoing elements from Merrill's pressure switches, and now sells a pressure switch (the "Accused Device") that includes all elements of the MTB Trade Dress and that also infringes Merrill's U.S. Design Patent No. D881,817 (the "'817 Patent") for a critical component of its pressure switches.

The Amended Complaint shows that in July 10, 2020, Merrill's counsel sent Simmons' president, Mr. Kevin Simmons, a cease and desist letter relating to the design patent at issue in this case. Dkt. 31 para. 54.  As Simmons responded to the July 10, 2020 letter on July 15, 2020, there is not dispute that Simmons was aware of the '817 Patent prior to its July 15, 2020 letter.

Subsequent to being made aware of the '817 Patent, Simmons knowingly and willfully ignored Merrill's July 10, 2020 cease and desist demand and, as of the filing of the First Amended Complaint, Simmons is still offering the Accused Device for purchase throughout the United States.  Dkt. 31 para. 54.

Simmons filed a motion to dismiss on October 6, 2020.   In response, Merrill filed its First Amended Complaint ("FAC") on October 10, 2020, adding specific allegations of Simmons' knowledge of the '817 Patent prior to Simmons continued induced, contributory, and willful infringement of the '817 Patent.   Dkt. 31.

## ARGUMENT

## I.    SUMMARY OF PLAINTIFF'S ARGUMENT AND RELIEF SOUGHT

Simmons' Motion to Dismiss is based on the false assertion that Merrill's claims for indirect (including both induced infringement and contributory) and willful infringement require an allegation that Simmons had pre-suit knowledge of the '817 Patent. Although not binding on this court, the majority of courts in other jurisdictions deciding this issue have held that an amended complaint, such as Merrill's First Amended Complaint, alleging a defendant's post-complaint knowledge of the infringement, satisfies the knowledge requirement and is therefore sufficient to state a claim for indirect infringement going forward from the date the original complaint was filed. Similarly, Simmons' knowing and

persistent activities in continued infringement of the '817 Patent make this an especially egregious case of infringement, such that Simmons' motion to dismiss Merrill's claims for willful infringement of the '817 Patent should be denied. Accordingly, Merrill requests this court deny the instant motion.

## II.   PLAINTIFF HAS STATED CLAIMS UPON WHICH THE COURT MAY GRANT RELIEF FOR INDIRECT INFRINGEMENT

   1.   **Simmons' first argument in favor of dismissal of Merrill's claims for indirect infringement (both inducement to infringe and contributory infringement) rests on the allegation that Merrill has not plead that Simmons had knowledge of the infringement of Merrill's products prior to Merrill filing the original complaint back in July 10, 2020**

Simmons, in its brief, asserts that Merrill makes no effort to allege that Simmons had any pre-suit knowledge of the Patents-in-Suit. Simmons does not, however, assert that it in fact had no such pre-suit knowledge of the Patents-in-Suit, only that Merrill made no such allegations. As discovery has yet to been undertaken in this case, Merrill has not, pending discovery, made assertions regarding Simmons' pre-suit knowledge of the Patents-in-Suit.

However, Merrill need make no such allegation to overcome a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As explained below, all that is required at the pleading stage is that Simmons was aware of the '817 Patent prior to Merrill's filing of its First Amended Complaint. Merrill

specifically asserts in its First Amended Complaint that Simmons was indeed aware of the '817 Patent at least as early as July 2020.  *See* Dkt. 31 para. 54.

While some jurisdictions have held that a claim for indirect infringement (such as inducement to infringe and contributory infringement) required pre-suit knowledge of the patents-in-suit, most district courts have concluded that "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents." *Zond, Inc. v. SK Hynix Inc.*, No. CIV.A. 13-11570-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014).  *See also SoftView LLC v. Apple Inc.,* 2012 WL 3061027, at *7 (D. Del. Oct.21, 2013). *Cf. Lexington Luminance LLC v. Osram Sylvania Inc.,* 2013 WL 5202424, at *5 (D.  Mass. Sept.11, 2013) (a claim for willful infringement may be based on defendant's knowledge of patents-in-suit acquired through service of the complaint). Thus, Merrill's First Amended Complaint filed October 10, 2020 alleging Simmons' post-complaint knowledge of the infringement is sufficient to state a claim for induced infringement as to post-suit conduct undertaken with knowledge of the patent and a claim of infringement thereof. *See Zond,* 2014 WL 69035, at *7.

Numerous other courts have reached similar conclusions:

5

- *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. CV 19-1031-RGA-SRF, 2019 WL 5626647, at *4 (D. Del. Oct. 31, 2019) ("[T]he filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement *occurring after the filing date*… Courts in this district have "par[ed] inducement claims down by time period when Plaintiff fails to adequately plead pre-suit inducement.");

- *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, No. C16-0341JLR, 2017 WL 5634131, at *11 (W.D. Wash. Nov. 21, 2017) (The majority of district courts have held that post-suit knowledge satisfies the knowledge element for indirect infringement…The court adopts the reasoning articulated by the majority of district courts and concludes that post-suit knowledge satisfies the knowledge element for indirect infringement…what matters is that the putative infringer has knowledge of the patents-in-suit and continues to allegedly infringe with that knowledge, whether that knowledge is obtained through pre-suit or post-suit notice.");

- *Walker Digital, LLC v. Facebook, Inc.,* 852 F.Supp.2d 559, 565 (D. Del. 2012) ("In sum, if a complaint sufficiently identifies, for purposes of Rule

8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global—Tech."*);

- *Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) (The Court has previously addressed this argument and concluded that a patentee need not allege pre-suit knowledge of the patent to state a claim for post-suit induced infringement.);

- *Trading Techs. Intern., Inc. v. BCG Partners, Inc.,* 2011 WL 3946581, at *4 (N.D. Ill. Sept.2, 2011) (holding that the filing of a complaint may establish the requisite knowledge of the patents-in-suit for indirect infringement);

- *Bascom Research LLC v. Facebook, Inc.,* Nos. C 12–6293 to –97 SI, 2013 WL 968210, at *3–*4 (N.D. Cal. Mar. 12, 2013) (allowing induced infringement claims limited to post-filing conduct if knowledge was based solely on filing the complaint);

- *Rembrandt Social Media LP v. Facebook, Inc.,* 950 F.Supp.2d 876, 882 (E.D. Va. 2013) (holding that when relying on "the filing and service of

the infringement suit to satisfy the knowledge requirement to establish indirect infringement: Plaintiff may only recover damages for indirect infringement for the period of time that commences once the putative infringer learns of the patent.");

- *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,* 476 F.Supp.2d 1143, 1158 (N.D. Cal. 2007) (Wilken, J.) (holding that liability may attach for conduct occurring after the complaint was served even where the plaintiff "does not proffer evidence that [the defendant] had actual knowledge of the patents and potential infringement prior to being served.");

- *CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) ("the Court sees no reason to adopt a rule requiring an allegation of pre-suit knowledge for all infringement claims. A complaint is a perfectly adequate notice to defendants for indirect infringement claims for post-filing conduct. CAP's indirect infringement claims will not be dismissed for lack of pre-suit knowledge but, to the extent they are otherwise properly alleged, they will be limited to post-filing conduct");

- *Skyworks Solutions Inc. v. Kinetic Techs. Inc.,* 2014 WL 1339829, at *3 (N.D.Cal. Apr. 2, 2014) ("In the Northern District of California, courts

have concluded that for a claim of induced infringement, knowledge of the

patent can be established through the filing of the complaint.").

In line with the foregoing authorities, as long as Merrill has plead prior knowledge

of the patent-in-suit and the claim of infringement in its FAC, which it has, the claims

for indirect infringement (*i.e.*, inducement to infringe and contributory

infringement), should not be dismissed and Simmons' motion should be denied.

Simmons' position is ultimately futile here. If the Court dismisses these

claims without prejudice, Merrill would merely file a second lawsuit in this Court

raising these claims, and then file a motion to consolidate the two cases together.

Merrill is certainly prepared to do that if required, but submits to the Court that such

additional procedural maneuverings are inconsistent with Fed. R. Civ. P. 1.

>    **2.    Simmons' second and third arguments in favor of dismissal of Merrill's claims for indirect infringement rests on the <u>false</u> assertion that Merrill did not plead that Simmons took affirmative acts or had the intent to encourage the infringement of the '817 Patent by others**

Simmons asserts that Merrill, in its First Amended Complaint, "made no attempt

to plead facts that would show Simmons' knowledge of the Patents-in-Suit or

knowledge that its actions induced others to infringe." Dkt. 34-1 at 8. Quite to the

contrary, as noted, Merrill's First Amended Complaint affirmatively pleads that

Merrill transmitted a letter to Simmons' President Kevin Simmons on July 10, 2020,

9

via certified mail and electronic mail identifying, and providing a copy of, the '817 Patent. FAC, ¶54. Similarly, Merrills' First Amended Complaint not only pleads that Simmons induced infringement of, and contributory infringement of, claim 1 of the '817 Patent, but includes, as Exhibit D, a copy of Simmons' webpage. Dkt 31, ¶¶42-43, and Dkt 31-4.

This copy of Simmons' webpage attached to Merrill's First Amended Complaint shows, definitively, that after July 15, 2020, the date by which Simmons was aware of the '817 Patent, Simmons was acting affirmatively, with the specific intent, to commit both direct and indirect (both inducement to infringe and contributory infringement) infringement, by selling and inducing others to purchase and use Simmons' Quick Set Wire Connections Pressure Switch, including, but not limited to, #SIMS4060 terminal block. Dkt. 31 at para. 53. Simmons' own authority, cited in its Brief, states that advertising an infringing use shows an affirmative intent that the product be used to infringe. Dkt. 34-1 at 13, citing *MEMC Elec. Materials, Inc, v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005) ("Evidence of active steps taken to encourage direct infringement, such as advertising and infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe.").

Regarding the intent element, for claims of post-filing inducement, "a

10

defendant's decision to continue its conduct despite knowledge [of the patents-in-suit] gleaned from the complaint is sufficient to establish the intent element required to state a claim for indirect infringement." *Zond,* 2014 WL 346008, at *3, *quoting MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 235 (D. Del. 2012). A defendant actively enticing its customers "through advertising, marketing and sales activity to use [their] infringing products as part of their own infringing products…" is enough. *Id.*, *citing Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 2013 WL 4017096, at *3-4 (D. Del. Aug. 6, 2013); *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 475-476 (D. Del. 2012); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010). Since Merrill has plead that Simmons affirmatively acted and with intent to encourage the infringement of the '817 Patent by others, Simmons motion should be denied.

3.    **Simmons' fourth argument in favor of dismissal of Merrill's claims for indirect infringement rests on the false assertion that Merrill has not plead that Simmons was willfully blind as to the existence of the '817 Patent**

Merrill's First Amended Complaint avers that Simmons' actions were knowingly wanton or, at a minimum, willfully blind as to Merrill's rights in the '817 Patent. The FAC states that this was true at least as early as July 15, 2020, when Simmons' counsel wrote to Merrill's counsel regarding the present litigation over the '817 Patent. Dkt. 31, para. 54. Because Merrill's First Amended Complaint

11

sufficiently alleges the intentionality of the infringement that Simmons is encouraging on an ongoing basis, the motion should be denied.

**4.   Simmons' fifth argument in favor of dismissal of Merrill's claims for indirect infringement rests on the false allegation that Merrill's allegations are speculative and conclusory.**

Simmons incorrectly states that "Plaintiff's [sic] has failed to allege even a single affirmative act by Simmons to encourage infringement with the knowledge that the induced acts constitute patent infringement." Dkt 34-1 at 13-14. As noted above, Merrill not only alleged that Simmons induced infringement of claim 1 of the '817 Patent, but Merrill included an exhibit specifically showing Simmons, through its webpage, taking affirmative acts, with the specific intent of inducing others to purchase and use Simmons' Quick Set Wire Connections Pressure Switch, including, but not limited to, #SIMS4060 terminal block in violation of Merrill's rights under the '817 Patent. Dkt 31 par. 5, and Dkt 31-4.

## III.   PLAINTIFF HAS STATED CLAIMS UPON WHICH THE COURT MAY GRANT RELIEF FOR WILLFUL INFRINGEMENT

At this stage, Merrill need not prove by a preponderance of evidence that Simmons willfully infringed the '817 Patent. *See Motiva Patents, LLC v. Sony Corp.*, 408 F.Supp.3d 819 (E.D. Tex. 2019). As the *Motiva* court explained, evaluating a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable

to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019).

Courts "are not authorized or required to determine whether the plaintiff's plausible

inference...is equally or more plausible than other competing inferences...."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the case law, in the instant case, where much of the relevant

information is presently beyond Merrill's ability to access it, courts should generally

permit discovery to proceed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009) ("Determining whether a complaint states a plausible

claim for relief will...be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."); *see also Wooten v. McDonald*

*Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) ("The factual allegations in

the complaint need only 'be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. (1955)).

Here, Merrill's FAC alleging the closeness of Simmons monitoring of Merrill

in general, and of Merrill's patented pressure switch in particular (close enough to

directly copy nine separate nonfunctional elements of Merrill's patented pressure

switch), Merrill has met its burden of pleading "factual content that allows the court

13

to draw the reasonable inference that the defendant is liable for the misconduct alleged." And was acutely aware of the '817 Patent prior to instigation of the present litigation. *Id.* FAC, ¶17. It is particularly telling that nowhere in Simmons' Brief or accompanying Affidavit, or accompanying letter, did Simmons assert that it was, in fact, unaware of the '817 Patent prior to the filing date of the present action. Although Simmons is under no obligation to deny that it had pre-suit knowledge of the '817 patent, it is telling that Simmons has avoided several opportunities to do so. As acknowledged by Simmons in its Brief in Support of its Motion to Dismiss, a plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of defendant" or "where the belief is based on factual information that makes the inference of culpability plausible" Dkt. 34-1 p 9. (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). This is precisely the instant case. The facts surrounding Simmons' knowledge of the '817 Patent are peculiarly within the possession and control of Simmons and the above factual information plead in Merrill's FAC makes the inference of Simmons' pre-suit knowledge of the '817 Patent plausible. As such, Merrill may plead Simmons' knowledge of the '817 Patent upon information and belief.

/ / /

14

Dated: November 17th, 2020.        Respectfully submitted,

                                   By: /s/ Steven G. Hill
                                   Steven G. Hill
                                   Georgia Bar No. 354658
                                   Martha L. Decker
                                   Georgia  Bar No. 420867
                                   HILL, KERTSCHER & WHARTON, LLP
                                   3350 Riverwood Parkway, Suite 800
                                   Atlanta, Georgia 30339
                                   Telephone: (770) 953-0995
                                   Facsimile:  (770) 953-1358
                                   Email:  sgh@hkw-law.com
                                   Email:  md@hkw-law.com

                                   Brett J. Trout, IA Bar No. AT0008075
                                   *Admitted pro hac vice*
                                   BRETT J. TROUT, P.C.
                                   516 Walnut Street
                                   Des Moines, Iowa 50309
                                   Telephone:  (515) 288-9263
                                   Email:  trout@brettrout.com

                                   ATTORNEYS FOR PLAINTIFF
                                   MERRILL MANUFACTURING
                                   COMPANY

## CERTIFICATION OF COMPLIANCE

        I hereby certify that the forgoing brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) [Times New Roman 14-point] and does not exceed the page limit set forth in LR 7.1(D).

Dated: November 17, 2020          By:   */s/ Steven G. Hill*
                                        Steven G. Hill

                                   *Attorneys for Merrill Manufacturing Co.*

15

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MERRILL MANUFACTURING
COMPANY, AN IOWA CORPORATION

Plaintiff,

vs.

SIMMONS MANUFACTURING
COMPANY, A GEORGIA
CORPORATION

Defendant

C.A. No. 1:20-CV-03941-MLB

I HEREBY CERTIFY on this 17th day of November, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By:   */s/ Steven G. Hill*
      Steven G. Hill

      *Attorneys for Merrill*
      *Manufacturing Co.*

16