# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MERRILL MANUFACTURING COMPANY,** Plaintiff; v. **SIMMONS MANUFACTURING COMPANY,** Defendant. | Civil Action 1:20-CV-03941-MLB <br><br> **Jury Trial Demanded.** |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS OF INDUCED, CONTRIBUTORY AND WILLFUL PATENT INFRINGEMENT IN THE FIRST AMENDED COMPLAINT DUE TO FAILURE TO STATE A CLAIM

Submitted by:

Luke Anderson
  (GA Bar No. 018330)
**Atlanta Technology Law**
  (Luke Anderson P.C.)
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338-7702
Phone:  404-491-0000
Fax:      404-935-0927
Email:  Landerson@atltechlaw.com
*Attorneys For Defendant Simmons Manufacturing Company*

Defendant Simmons Manufacturing Company, ("Simmons") hereby submits this reply brief in support of its motion to dismiss Plaintiff's claims for induced, contributory and willful patent infringement in the First Amended Complaint, ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. The Design Patent-in-Suit and the Unpatented Terminal Block

Throughout Plaintiff's pleading and opposition brief it conflates the distinction between the Patent-in-Suit, which is a design patent directed to the ornamental design for a wire connector, and the unpatented terminal block. The wire connector is a mere component of the unpatented terminal block. A picture is helpful to reinforce these distinctions.



| Wire Connector – US Design Patent D881,817 – Fig. 1. | Unpatented Pressure Switch Subject of Trade Dress Claims |
|---|---|
| Dkt. 31-1 | Dkt. 31-2, pp. 2-3. |

### 2. Plaintiff Has Failed to Allege Pre-Suit Knowledge of the Patent-in-Suit To Support Its Claims For Induced and Contributory Patent Infringement.

Its undisputed on the record before this Court that Plaintiff's claims for indirect infringement (induced and contributory patent infringement) are fatally flawed because Plaintiff has failed to plead that Simmons had pre-suit knowledge of the Patent-in-Suit. Instead, Plaintiff relies on the original complaint and its notice letter that was mailed the same day that suit was filed to allegedly inform Simmons of the Patent-in-Suit. Dkt. 41, p. 4. Plaintiff's attempt to boot strap its way into indirect infringement claims by relying on the original complaint should be rejected. This Court should require Plaintiff to allege Simmons had pre-suit knowledge of the Patent-in-Suit. Plaintiff has not so alleged. The claims for induced and contributory patent infringement are therefore flawed, as a matter of law, and should therefore be dismissed.

"The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit." *Brandywine Comm. Tech., LLC v. T-Mobile USA, Inc.,* 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012). Plaintiff has failed to cite any controlling precedent or other persuasive authority from the Eleventh Circuit suggesting that pre-suit knowledge is not required to support induced and

contributory patent infringement claims or that such knowledge could be derived from the original complaint.  Accordingly, this Court should require Plaintiff to demonstrate pre-suit knowledge of an asserted patent to state a claim for indirect infringement.  "[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."  *Brandywine*, 904 F. Supp. 2d at 1268-69.  This Court should therefore require Plaintiff to plead facts suggesting that Simmons had pre-suit knowledge of the Patent-in-Suit and that its actions were causing others to infringe the Patent-in-Suit.  Plaintiff has failed to do so.  Plaintiff's claims of induced and contributory patent infringement should therefore be dismissed.

Yet, courts are divided over the issue of whether pre-suit knowledge of a patent-in-suit is required to support an indirect infringement claims.  Some Courts have permitted a plaintiff to state a cause of action for indirect infringement based on knowledge gained only from the complaint by limiting the claim to a defendant's post-litigation conduct only.  *See Zond, Inv. v. SK Hynix Inc.*, No. Civ. A. 13-11570-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2013).

Accordingly, if this Court does not dismiss Plaintiff's indirect infringement claims, then those claims should be limited to only post-litigation conduct.

### 3. Plaintiff Has Failed to Plead Facts Supporting Contributory Patent Infringement

In addition to Plaintiff's failure to plead pre-suit knowledge, its claim for contributory patent infringement under 35 U.S.C. §271(c) should be dismissed because it is undisputed that Plaintiff has not plead facts to support this species of claim. Section 271(c) is limited to a specific type of infringement where a defendant sells or offers to sell a "component of a patented machine, manufacture, combination or composition" constituting a material part of the invention. *See* 35 U.S.C. §271(c). There is no patented machine, manufacture, combination or composition at issue in this action. Instead, the Patent-in-Suit is directed to a component of the unpatented Accused Device. Namely, the Patent-in-Suit is directed to a wire connector whereas the unpatented Accused Device is a terminal block in which the wire connector is merely a component. *See* Dkt. 41, p. 8 ("Merrill has asserted that Simmons . . . sells a pressure switch (the 'Accused Device') that includes all elements of the MTB Trade Dress and that also infringes Merrill's U.S. Design Patent No. D881,817 (the '817 Patent) *for a critical component of its pressure switch*.)(emphasis added).

Since the Accused Device is unpatented, the facts plead do not bring this action within the scope of Section 271(c). Here, the Patent-in-Suit is directed to a mere component of the Accused Device. It is undisputed that Plaintiff's contributory infringement claim is fatally flawed because there is no allegation that Simmons is selling a component of the patented article. Instead what is being alleged here is that Simmons is selling an unpatented article (the pressure switch) which contains a patented component (the wire connector). Plaintiff's cause of action for contributory infringement is therefore fatally flawed, as a matter of law, and should therefore be dismissed.

This argument was raised in Simmons opening brief. Dkt. 34-1, p. 17. Plaintiff did not controvert this argument in its opposition. Thus, this argument is undisputed and provides this Court ample grounds to dismiss Plaintiff's contributory infringement claim under 35 U.S.C. §271(c).

4. **Plaintiff's Has Failed To Support Its Indirect Infringement Claims With Facts Suggesting Simmons Had A Specific Intent to Infringe or That Simmons Took Affirmative Acts To Infringe**

Plaintiff's claims for indirect (induced and contributory) patent infringement should be dismissed because the "knowledge" and "intent" elements have been plead as conclusions unsupported by alleged facts. To prove induced infringement, a patentee must show "the accused inducer took an affirmative act to encourage

5

infringement with the knowledge that the induced acts constitute patent infringement." *Info-Hold, inc. v. Muzak LLC* 783 F.3d 1365, 2372 (Fed. Cir. 2015)(quoting *Microsoft Corp. v. DataTerm, Inc.* 755 F.3d 899, 904(Fed. Cir. 2014). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil United States, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (2015)(citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 337 U.S. 476, 488(1964)); *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed.Cir.2006) ( "[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). Plaintiff has asserted that the knowledge and intent elements are satisfied by (1) the letter transmitted to Simmons the same day the complaint was filed (July 10, 2020); and (2) by Simmons web page. Dkt. 41, p. 16. Not so.

    **First**, Plaintiff was unable to point to a specific factual allegation or paragraph in the FAC – not a single one – to show that it had sufficiently plead the specific intent and knowledge elements. *Id*.

    **Second**, Plaintiff's reliance on the July 10th letter is misplaced. The July 10th letter does not pre-date the action and thus can not form a basis for Simmons knowledge or intent sufficient to support indirect infringement claims. Turning to

the substance of the July 10th letter, which is of record at Dkt. 24-2, it fails to make a credible patent infringement allegation because it conflates the patented design for a wire connector with the unpatented terminal block when it states: "given the uncanny similarities between the Simmons Terminal Block and terminal block claimed in the '817 Patent, we view your manufacture and use of the Simmons Terminal Block as a willful infringement of the trade dress and patent rights protecting the Merrill Terminal Block." Dkt. 24-2, p. 2, 1st full paragraph. There are no patent rights protecting the terminal block. Thus, the July 10th letter fails to form a basis for the specific knowledge of infringement or intent. *DSU Medical, Corp. v. Jms. Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)(To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement. However, knowledge of the acts alleged to constitute infringement is not enough. The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven. (internal citations omitted)).

    Plaintiff next contends that Simmons undated web page show the knowledge and intent elements of its indirect infringement claims. Dkt. 41, p.16. More specifically, Plaintiff goes beyond the scope of the allegations in the FAC to assert

that the web page "shows, definitively, that after July 15, 2020, the date by which Simmons was aware of the '817 Patent, Simmons was acting affirmatively, with the specific intent to commit both direct and indirect infringement . . ." *Id.* Not so. This allegation does not exist in the FAC. *See* Dkt. 31, ¶53. Next the header of the web page is not displayed so there is no ability to tell when the page was printed. *See* Dkt. 31-4. Tellingly, the web page exhibit on the FAC appears to be identical to the web page exhibit on the original complaint. *Compare* Dkt.1-4 and Dkt. 31-4. The telling similarities in the two exhibits suggest that the web page was printed before the initial complaint was filed on July 10, 2020 thus calling into question the veracity of Plaintiff's assertion, unsupported by allegations in the FAC, that the Simmons web page shows post-suit knowledge and intent.

### 5. Plaintiff has Plead Willful Blindness as A Mere Conclusion

The knowledge requirement for an induced or contributory infringement claim may be satisfied by a showing of actual knowledge or willful blindness. Plaintiff has failed to plead sufficient facts to support a claim of indirect infringement based on willful blindness. Willful blindness requires the alleged inducer to (1) subjectively believe there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011). "A complaint that fails to identify

any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*." *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 230 (D.Del.2012).

Plaintiff was unable to identify a single allegation in the FAC addressing the willful blindness elements. In opposition Plaintiff asserted that Paragraph 54 of the FAC supported the willful blindness claim. Dkt. 41, p. 11. It does not.

Plaintiff was unable to identify facts supporting a "subjective[] believe that is a high probability that a fact exists". Likewise, Plaintiff was unable to identify any deliberate actions Simmons has taken to avoid learning of facts. As such, Plaintiff has plead "willful blindness" as a conclusion - mere label – without any underlying supporting facts. Accordingly, Plaintiff should not be able to rely on the its willful blindness allegations as an alternative to showing actual knowledge of the Patent-in-Suit at the pleading stage to support its induced and contributory infringement claims. Thus, Plaintiff's claims for induced and contributory infringement should be dismissed.

Paragraph 54 of the FAC does not address willful blindness. Rather it begins: "Defendant is aware of the ''817 Patent. On July 10, 2020, Counsel for

9

Merrill transmitted a letter to [Defendant] . . ." These allegations go to knowledge – actual knowledge from the date the suit was filed – not willful blindness. This was the sole allegation identified by Plaintiff in support of its willful blindness claim.

### 6. Plaintiff's Claim for Willful Patent Infringement Should Be Dismissed

Plaintiff's claim for willful patent infringement is fatally flawed and should be dismissed because it cannot plead facts showing Simmons had pre-suit knowledge of the Patent-in-Suit that issued less than three (3) months before suit was filed nor that Simmons conduct has been egregious. To state a claim of willful infringement, a plaintiff must allege facts showing that the defendant had pre-suit knowledge of the asserted patent and engaged in some sort of egregious conduct – beyond typical patent infringement. *See Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 708 (E.D. Va. 2013); *see also Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S.Ct. 1923, 1927 (2016).

Here there is not a single allegation in the FAC showing that Simmons had pre-suit knowledge of the Patent-in-Suit. Plaintiff does not dispute this in its opposition. Dkt. 41, pp. 12-14. The willful patent infringement claim is therefore fatally flawed, as a matter of law, and should be dismissed.

Likewise, Plaintiff is not able to identify any conduct that Simmons engaged in that was egregious beyond typical patent infringement. None. As such, the willful patent infringement claim is fatally flawed, as a matter of law, and should be dismissed.

Instead, Plaintiff asks this Court to infer that Simmons had pre-suit knowledge of the Patent-in-Suit based on the alleged similarities between the unpatented terminal blocks. Dkt. 41, pp. 13-14. This is an unsupported logical leap that should be rejected. Alleged similarities in unpatented articles does not correlate to show pre-suit knowledge of a patent directed to a different article. Plaintiff's argument is logically flawed and should be rejected by the Court.

Finally, Plaintiff seeks to delay dismissal of its willful patent infringement claim by seeking discovery of Simmons' pre-suit knowledge of the Patent-in-Suit.[1]

---

[1] Plaintiff attacks Simmons argument by suggesting that Simmons has not denied that it had pre-suit knowledge of the Patent-in-Suit. **First**, this is beyond the scope of the pleadings and should not form the basis of a ruling on a motion to dismiss. **Second**, its Plaintiff's burden to plead facts to survive a motion to dismiss not Simmons burden to deny hypothetical allegations not contained in the FAC. **Third**, so that this issue is fully and directly addressed, Simmons denies that it had pre-suit knowledge of the Patent-in-Suit. Notably, Plaintiff made this same argument in open court during the September 22, 2020 hearing before Senior Judge Wolle (S.D. Iowa). Simmons responded in open court denying any such knowledge of the Patent-in-Suit. *See* September 22, 2020 Hearing Transcript at p. 17.

11

*Id* at 14. This is a direct admission that Plaintiff has not – and cannot – plead a claim for willful patent infringement. The Court should reject this request and dismiss the willful patent infringement claim.

As a practical matter, in order to promote the possible resolution of this action, dismissal of the willful patent infringement claim from the case will help both parties more accurately value their respective cases. Then, if discovery provides evidence that Plaintiff contends is sufficient to show Simmons' pre-suit knowledge of the Patent-in-Suit, Plaintiff may seek an amendment of its pleading.

Conversely, to follow Plaintiff's approach of leaving the willful infringement claim in the case for now (even though there are insufficient factual allegations to support the claim), will cause both parties to value the case drastically differently. Thereby causing an unnecessary impediment to voluntarily resolving this matter.

**Prayer For Relief.**

Defendant Simmons respectfully prays that this Court:

Grant is motion to dismiss for failing to state a claim for induced, contributory and willful patent infringement. Pre-suit knowledge of the Patent-in-Suit and knowledge that Simmons' actions constitute infringement is required to state a claim for induced, contributory and willful infringement. Here, there are no

credible allegations of Simmons' pre-suit knowledge or its specific knowledge that is required to support a claim for induced, contributory and willful infringement. Plaintiff has thus failed to state a claim for which relief can be granted. Plaintiff's claims for induced, contributory and willful patent infringement should therefore be dismissed.

Respectfully submitted this 1st day of December 2020.

>                     /s/ Luke Anderson
>                     Luke Anderson (GA Bar No. 018330)
>                     **Atlanta Technology Law**
>                     (Luke Anderson P.C.)
>                     1050 Crown Pointe Parkway
>                     Suite 500
>                     Atlanta, Georgia 30338-7702
>                     Telephone   404-991-2241
>                     Facsimile   404-935-0927
>                     E-Mail:     Landerson@atltechlaw.com
>                     *Counsel for Defendant Simmons*
>                     *Manufacturing Company*

---

### Local Rule 7.1(D) Certification

The above signed counsel hereby certifies that the within and foregoing paper complies with Local Rule 7.1(D) since it was prepared in Times New Roman, 14 point font.

---